UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NAES POWER CONTRACTORS, INC., :
:
    Plaintiff, :
:
v. : CASE NO. 3:17cv659(RNC)
:
GEMMA POWER SYSTEMS, LLC, :
:
    Defendant. :

## RULING AND ORDER

The plaintiff, NAES Power Contractors, Inc., brings this diversity action against the defendant, Gemma Power Systems, LLC, seeking replevin and prejudgment relief in aid of arbitration pursuant to Connecticut state law. Pending before the court is the defendant's motion "in Support of Application to Dissolve Amended Mechanic's Lien and Request for Hearing."[1] (Doc. #62.) For the reasons that follow, the motion is denied.

I.    Background

The parties executed a subcontract agreement in connection with the construction of the CPV Towantic Energy Center project in Oxford, Connecticut. After the defendant terminated the contract, the plaintiff filed a mechanic's lien pursuant to Conn. Gen. Stat. § 49-33 on the Oxford property in the amount of $ 6,783,348.02. (Doc. #62, Ex. C.) On May 17, 2017, the defendant recorded a document entitled "Bond to Release Mechanic's Lien" on the Oxford, Connecticut land records in the amount of the lien. (Doc. #62, Ex.

---

[1] U.S. District Judge Robert N. Chatigny referred the motion to the undersigned. (Doc. #66.)

D.) The plaintiff thereafter recorded an amended mechanic's lien ("amended lien") in the amount of $6,894,562.03. (Doc. #62, Ex. E.) This motion followed.

II. Discussion

The defendant requests that the court conduct a hearing and dissolve the amended lien pursuant to Conn. Gen. Stat. § 49-37(b). The defendant argues that the amended lien should be dissolved because (1) a bond has been substituted for the lien; (2) the lien is invalid because it exceeds the amount allegedly due the plaintiff and does not take into account the defendant's counterclaim; (3) it was recorded in "bad faith;" and (4) the defendant has a payment bond which provides security for the plaintiff's "alleged work." (Doc. #62 at 4-5.)

Resolution of the motion necessitates a review of the statutory framework of Conn. Gen. Stat. § 49-37. Section 49-37 is comprised of subsections (a) and (b). Subsection (a)[2] provides

---

[2]Section 49-37(a) provides in pertinent part:
Whenever any mechanic's lien has been placed upon any real estate . . ., the owner of that real estate, or any person interested in it, may make an application to any judge of the Superior Court that the lien be dissolved upon the substitution of a bond with surety, and the judge shall order reasonable notice to be given to the lienor of the application. . . . If the judge is satisfied that the applicant in good faith intends to contest the lien, he shall, if the applicant offers a bond, with sufficient surety, conditioned to pay to the lienor or his assigns such amount as a court of competent jurisdiction may adjudge to have been secured by the lien, with interest and costs, order the lien to be dissolved and such bond substituted for the lien and

2

that after a mechanic's lien is placed on real property, the "property owner or any person interested" in the property "may make an application" to the court "that the lien be dissolved upon the substitution of a bond with surety."[3] "[I]f the court is satisfied that the applicant intends to challenge the lien in good faith and has produced a bond sufficient to cover the amount of the lienor's claim, including costs and interest, it will dissolve the lien." David E. Rosengren, 13 Connecticut Practice Series: Construction Law § 6:10 (2005 & Supp. 2015)(Westlaw). "After the court orders the bond substitution and returns the order to the court clerk, the applicant has 10 days within which to file a certified copy of the court's order on the land records, which automatically discharges

---

> shall return the application, notice, order and bond to the clerk of the superior court for the judicial district wherein the lien is recorded; and, if the applicant, within ten days from such return, causes a copy of the order, certified by the clerk, to be recorded in the town clerk's office where the lien is recorded, the lien shall be dissolved.

See also Joel M. Kaye & Wayne D. Effron, 3 Connecticut Practice Series: Civil Practice Forms, Form 704.30 (application to dissolve mechanic's lien upon substitution of bond).

[3]Subsection (a) "does not expressly call for a hearing on the application, but there is a strong implication that a hearing must take place." 1 D. Caron & G. Milne, Connecticut Foreclosures 919 (8th ed. 2018). "The parties may also voluntarily agree to substitute a surety bond in exchange for the release of the mechanic's lien. As a matter of law, bonds substituted voluntarily are treated as statutory bonds subject to the provisions of C.G.S.A. § 49-37. Six Carpenters, Inc. v. Beach Carpenters Corp., 172 Conn. 1, 6-7, 372 A.2d 123, 126-127 (1976)." David E. Rosengren, 13 Connecticut Practice Series: Construction Law § 6:10 n. 3 (2005 & Supp. 2015)(Westlaw).

the mechanic's lien as a matter of law." Louis R. Pepe et al., Fifty State Construction Lien and Bond Law § 8.03 (4th ed. 2017).

"[T]he legislative intent in enacting § 49-37(a) was to enable the owner or any person 'interested' in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so." Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 115 (1981). "Accordingly, while the statutory provisions are designed to facilitate the transfer of the property by dissolution of the lien, they are also intended to ensure the continued existence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien." Id. at 115-16 (internal quotation marks and citation omitted). "When a bond has been substituted for a mechanic's lien pursuant to General Statutes § 49-37, the effect is to shift the lien from the real property to the bond." Butterworth & Scheck, Inc. v. Vanschaick, No. CV075009617, 2009 WL 2602645, at *5 (Conn. Super. Ct. July 16, 2009). See also Sarracco Mech. Servs., Inc. v. Bank of Scotland, No. X10UWYCV085010233S, 2009 WL 1143140, at *2 (Conn. Super. Ct. Apr. 7, 2009)("[T]he effect of a bond substituted for a mechanic's lien is to release the property from the mechanic's lien while providing the lienor security for payment from the parties who undertook the bond agreement.") "Only after the bond has been posted do the principal and surety have an opportunity to test the

4

validity or amount of the lien[]." Id. at *4.

Subsection (b) of Conn. Gen. Stat. § 49-37 provides that "whenever a bond has been substituted for any lien pursuant to this section," the principal or surety on the bond "may make application" to the court "that a hearing be held to determine whether the lien for which the bond was substituted should be declared invalid or reduced in amount." § 49-37(b)(1). At such a hearing, the obligee on the bond (here, plaintiff) must establish probable cause to sustain the validity of the lien. If probable cause is established, the applicant (here, defendant) then must prove "by clear and convincing evidence" that the lien is invalid or is excessive. § 49-37(b)(5).

As indicated, the defendant asks that the court conduct a hearing pursuant to subsection (b). The defendant maintains that it has complied with subsection (a) because it recorded a bond with "sufficient surety" on the land records and therefore is entitled to seek relief under subsection (b). (Doc. #87 at 4.)

The plaintiff responds that the defendant's motion should be denied because it did not comply with § 49-37(a), which is a prerequisite to obtaining relief under § 49-37(b). The plaintiff argues that the defendant's bond was recorded without either (1) court adjudication or (2) agreement of the parties. It also points out that the defendant's bond is less than the amount of the amended lien and does not include "interest and costs" as required

5

by § 49-37(a).  Because the defendant failed to follow the statute in attempting to substitute a bond for the lien, the plaintiff contends, the defendant cannot seek relief under § 49-37(b).

The defendant asserts that strict compliance with § 49-37(a) is not "mandatory" and cites in support <u>Six Carpenters, Inc. v. Beach Carpenters Corp.</u>, 172 Conn. 1 (1976).  (Doc. #87 at 4.)  The defendant argues that in <u>Six Carpenters</u> the Connecticut Supreme Court affirmed the trial court's reduction of a bond pursuant to subsection (b) "despite that fact that no subsection (a) application had been filed because the parties agreed to substitute a bond for release of the lien."  (Doc. #87 at 4.)  The defendant posits that this "court may properly rule on [the defendant's] application under subsection (b) because [the defendant] substantially complied with the requirements of subsection (a)."  (Doc. #87 at 3.)  According to the defendant, "the most important steps" of § 49-37(a) are "'reasonable notice to the lienor' and the good faith of the applicant in providing a bond with sufficient surety."  (Doc. #87 at 4.)  The defendant argues that it "substantially complied" with § 49-37(a) because it satisfied these two concerns.

In <u>Six Carpenters</u>, the bond was substituted pursuant to an agreement of the parties.  The lienor subsequently argued that because the bond had not been substituted for the lien pursuant to a court order under § 49-37(a), the principal and surety on the

6

bond could not move to modify or reduce the bond under § 49-37(b).
The court disagreed, stating:

> The liability of a principal and a surety on a bond continues to depend upon the validity of the underlying lien. . . . This is true whether the lien was dissolved in strict conformance with the statutes or whether it was released by private agreement. The fact that the court was not involved in the proceedings does not bar a review of the lien which the respondent continues to assert as the underlying basis for the substituted bond. A contrary rule . . . would discourage the substitution of bonds by agreement . . . .

Six Carpenters, Inc., 172 Conn. at 7 (citation omitted.)

Contrary to the defendant's argument, Six Carpenters does not stand for the proposition that "substantial compliance" with the statute is sufficient. The court in Six Carpenters held that a bond furnished by agreement is equivalent to one issued pursuant to a court order in accordance with § 49-37(a).

"[M]echanic's liens and mechanic's lien bonds are creatures of statute." Sarracco Mech. Servs., Inc., 2009 WL 765879, at *2. The terms of the statute specify a procedure for the substitution of a bond for a lien and require that a bond be "substituted for any lien pursuant to this section" before relief can be had under subsection (b). "Only after the bond has been posted do the principal and surety have the opportunity to test the validity or amount of the liens." First Fed. Sav. & Loan Ass'n of Waterbury v. J.F. Barrett & Sons, Inc., No. 120591, 1994 WL 282571, at *1 (Conn. Super. Ct. June 14, 1994). The bond in this case was improperly posted: it was recorded without an agreement of the parties or an

7

order of the court pursuant to subsection (a). Because the defendant did not comply with the statutory requirements of § 49-37(a) in substituting a bond, it cannot avail itself of relief under § 49-37(b).

III. Conclusion

For these reasons, the defendant's motion (doc. #62) "in Support of Application to Dissolve Amended Mechanic's Lien and Request for Hearing" is denied without prejudice.

SO ORDERED at Hartford, Connecticut this 23rd day of March, 2018.

```
             /s/
Donna F. Martinez
United States Magistrate Judge
```